1 So.2d 602

#### CHAMBLISS v. STATE.

· 6 Div. 710.

Court of Appeals of Alabama.

Feb. 25, 1941.

Rehearing Denied March 18, 1941.

Morel Montgomery, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was found and adjudged guilty of an "assault with intent to ravish," and his punishment fixed at imprisonment in the penitentiary for the term of ten years. Code 1923, § 3303; Gen.Acts Ala.1939, p. 438.

He first applied to the circuit court for "probation," under the statute which appertains. Gen.Acts Ala.1939, p. 434. His application being denied, he brought this appeal.

There seems not a great deal for us to say.

It is now so well settled that it requires no citation of authority that where the bill of exceptions does not note an exception to the action of the court in overruling the appellant's motion for a new trial, said motion will in no manner be noticed on appeal. That's the situation here; and disposes of the principal matter argued by appellant's resourceful counsel as a reason for the reversal of the judgment of conviction.

The few exceptions reserved on the taking of testimony have each been carefully examined. In each instance they are reserved to rulings which we regard as being obviously correct, or innocuous. And require no discussion.

The trial court's oral charge, in connection with the *eighteen* written charges given to the jury at appellant's request, instructed the jury fully, completely and accurately as to the law governing *the allegations of the indictment* under which appellant was convicted.

There was no exception to portions of the court's said oral charge, and no motion (that we notice) to set aside the verdict of the jury. Hence, even if there were inaccurate statements of the law contained in said oral charge, we can-

not see that they are presented to us for review.

■ The written charges requested by and refused to appellant have also each been examined. In each instance the principle of law embodied in said charge was either inaccurate, mixed with an argument, abstract, or fully covered by and included in either the trial court's oral charge or some one of the written charges given to the jury at appellant's request.

We find apparent *for our consideration* no ruling or action of the trial court infected with error prejudicial to appellant.

And the judgment of conviction is affirmed.

Affirmed.